**Mark LAIDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–01177–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1998.

■

---

Greg S. Valasquez, Houston, for Appellant.

John B. Holmes and William Delmore, III, Houston, for Appellee.

Before O'CONNOR, MIRABAL and NUCHIA, JJ.

## OPINION

O'CONNOR, Justice.

Mark Laidley, the appellant, pleaded no contest without an agreed recommendation to the offense of illegal investment of funds intended to further the commission of possession of at least 400 grams of cocaine. Act of May 18, 1989, 71st Leg., R.S., ch. 678, sec. 1, § 481.126, 1989 Tex.Gen.Laws 2230, 2941 (TEX.HEALTH & SAFETY CODE § 481.126, since amended). The trial court assessed punishment at 20–years imprisonment and a $50,-000 fine. The appellant appeals with five points of error, alleging he received improper admonishments and ineffective assistance of counsel. We affirm.

### Admonishments

■ In point of error one, the appellant claims the trial court erred by not properly admonishing him of his right to have a court reporter record his no-contest plea. The appellant admits he signed a written waiver of his right to a court reporter, but argues "that the plea was not entered into freely, knowingly and voluntarily during these hearings." The appellant does not direct us to any evidence to support this argument.[1] Challenged assertions in an appellate brief that are unsupported by the record will not be accepted as fact. *Ex parte Preston*, 833 S.W.2d 515, 519 (Tex.Crim.App.1992).

We overrule point of error one.

■ In point of error two, the appellant claims the trial court erred by not questioning him in open court about the voluntary nature of his plea. The appellant also asserts the trial court violated Code of Criminal Procedure article 26.13(b) by not assuring "the defendant is mentally competent and the plea is free and voluntary." TEX.CODE CRIM.P. art. 26.13(b) (1998). First, there is no way to determine whether the trial court questioned the appellant because there is no reporter's record. Second, the appellant admits that, because the plea and judgment indicate he was properly admonished, there is a prima facie showing that the plea was entered knowingly and voluntarily. *See Sims v. State*, 783 S.W.2d 786, 788 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The appellant has not met his burden to show that he entered the plea without understanding the consequences of his action and thus was harmed. *See id.*

We overrule point of error two.

### Motion for New Trial

In point of error three, the appellant claims the trial court erred in not granting his motion for new trial on the ground his plea was involuntary. The appellant asserts his plea was involuntary because his attorney did not inform him about exculpatory evidence or provide him with a copy of it. The evidence is tape recordings that the appellant claims corroborates his defense that he was trying to purchase a car, not cocaine, and that he did not know anything about the drug sale. The appellant argues this was ineffective assistance of counsel.

■ We review the denial of a motion for new trial for abuse of discretion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

■ The State points out that part of the hearing on the motion for new trial and the trial court's ruling on the motion for new trial occurred more than 75 days after sentence was imposed. A motion for new trial is overruled by operation of law if it is not determined within 75 days after sentence is imposed or suspended in open court. TEX. R.APP.P. 31(e)(1), (3), 707–708 S.W.2d (Texas Cases) XLIX (1986, amended 1997, now TEX. R.APP.P. 21.8(a), (c)); *Boulos v. State*, 775 S.W.2d 8, 8 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). After 75 days, the trial court loses jurisdiction and cannot rule on the motion. *State v. Garza*, 931 S.W.2d 560,

---

1. We realize there is no reporter's record because there was no court reporter present at the admonishments. The appellant, however, could have developed a record at the motion for new trial hearing on the issue of lack of knowing and voluntary consent.

562 (Tex.Crim.App.1996). A hearing conducted after a motion for new trial is overruled by operation of law is not authorized and will not be considered on appeal. *Trevino v. State*, 565 S.W.2d 938, 941 (Tex.Crim. App.1978) (construing Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 40.05, 2 1965 Tex.Gen.Laws 317, 477 (TEX.CODE CRIM.P. art. 40.05, since repealed)).

■ Here, the trial court imposed sentence on August 23, 1994. The 75th day after August 23 was Sunday, November 6, 1994, so the motion for new trial was overruled by operation of law at the end of Monday, November 7, 1994.[2] The trial court conducted the hearing on the motion for new trial on November 3, 7, 8, and 11, 1994 and March 13, 1995. The appellant's trial attorney, Connie Williams, testified on November 8 and 11, 1994 and March 13, 1995, and the transcription of the tape recordings was admitted into evidence on March 13, 1995, all more than 75 days after the sentence was imposed. The trial court, therefore, lost jurisdiction before Williams testified.

We hold the trial judge did not have jurisdiction to rule on the motion for new trial because it was already overruled by operation of law. *Garza*, 931 S.W.2d at 562; TEX. R.APP.P. 21.8 (motion not timely ruled on by written order deemed denied on expiration of 75 days). We overrule point of error three.

### Ineffective Assistance of Counsel

■ In points of error four and five, the appellant claims he was denied effective assistance of counsel in violation of the federal and state constitutions. U.S. CONST. amend. 14, § 1; TEX. CONST. art. 1, §§ 10, 19. The standard for evaluating claims of ineffectiveness of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must show both that (1) counsel's performance was so deficient that counsel was not functioning as acceptable counsel under the Sixth Amend-

ment and (2) but for counsel's error, the result of the proceedings would have been different. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). It is defendant's burden to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble*, 916 S.W.2d at 93.

■ Because we cannot consider the testimony from the appellant's trial counsel, the record is silent as to why the appellant's trial counsel did not inform the appellant about exculpatory evidence or provide him with a copy of it. To hold that trial counsel was ineffective based on a partial hearing would call for speculation, which we will not do. *See Gamble*, 916 S.W.2d at 93. We, therefore, are unable to conclude that trial counsel's performance was deficient.[3]

We overrule points of error four and five.

We affirm the trial court's judgment of conviction.

■

---

**2.** TEX.R.APP.P. 5(a), 789–790 S.W.2d (Texas Cases) XXXIII (1990, amended 1997, now TEX.R.APP.P. 4.1(a)) ("The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period extends to the end of the next day which is not a Saturday, Sunday or legal holiday.").

**3.** The State points out, and we agree, that the appellant remains free to seek a postconviction writ of habeas corpus on his ineffectiveness-of-counsel claims. *See* TEX.CODE CRIM.P. art. 11.07 (1998).