COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


BENJAMIN LEE NOLAN
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 117th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 

 Pursuant to a plea bargain agreement, Benjamin Nolan, appellant,
pleaded guilty to the second degree felony offense of robbery.(1) The trial
court found him guilty, and sentenced him to twenty years
confinement. By a single issue, appellant challenges the voluntariness
of his plea. We affirm.

 The facts of the offense are not in dispute. A grand jury indicted
appellant for aggravated robbery.(2) On the day of trial, appellant signed
a judicial confession admitting his commission of the offense and
agreed to plead guilty to the lesser-included offense of robbery in
exchange for a twenty year sentence. After appellant was convicted,
he filed a pro se motion for new trial, alleging, inter alia, that his plea
was involuntary. Following a hearing on the motion for new trial, the
court denied the motion. Thereafter, appellant filed a pro se notice of
appeal.(3) 

 In his sole issue, appellant contends his guilty plea was
involuntary, and consequently, the trial court erred in denying his
motion for new trial. According to appellant, he did not have adequate
notice and understanding of his plea agreement; thus, his plea was
involuntary under the Fifth, Sixth, and Fourteenth Amendments of the
United States Constitution, article 1, sections 10 and 19 of the Texas
Constitution, and rule 21 of the Texas Rules of Appellate Procedure.

 We review the denial of a motion for new trial for an abuse of
discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.1995);
Laidley v. State, 966 S.W.2d 105, 107 (Tex. App.--Hous. [1st Dist.]
1998, pet. ref'd). The voluntariness of a plea is determined by the
totality of the circumstances. Griffin v. State, 703 S.W.2d 193, 196
(Tex. Crim. App. 1986). When the record shows that the trial court
gave an admonishment, there is a prima facie showing of a knowing
and voluntary plea of guilty. Harvill v. State, 13 S.W.3d 478, 480 (Tex.
App.--Corpus Christi 2000, no pet. h.); Edwards v. State, 921 S.W.2d
477, 479 (Tex.App.--Houston [1st Dist.] 1996, no pet.). The burden
then shifts to the defendant to show he pleaded guilty without
understanding the consequences of his plea and, consequently,
suffered harm. Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989);
Harvill, 13 S.W.3d at 480. Once an accused attests that he
understands the nature of his plea and that it was voluntary, he
shoulders a heavy burden on appeal to prove that his plea was
involuntary. McNeill v. State, 991 S.W.2d 300, 302 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd untimely filed).

 In the instant case, the record reflects that appellant was properly
admonished by the court. Hence, appellant must show that he entered
his plea without understanding the consequences of his actions and
thus was harmed. 

 Appellant attached an affidavit to his motion for new trial in which
he described his version of the events leading up to his plea. According
to appellant, he discussed his plea with his trial counsel, who asked
him if he would accept a twenty year sentence for a non-aggravated
robbery conviction. Appellant responded, "I don't want to plead guilty,
but if I decide I should have to, I surely don't want it to be aggravated
[because] I don't want to do a lot of time." Appellant indicated he
would speak with his family and let counsel know what he decided. 
Appellant was unable to contact his attorney that evening. Appellant's
mother and friend told him that his trial counsel told them to make him
take the twenty years. On the day of the plea hearing, appellant
informed counsel that he had decided not to plead guilty, at which time
counsel stated, "Look the judge has already dismissed the jury[;] if you
don't take it he is going to be highly upset and I do mean furious! There
is no telling what he is going to do to you[.] He might or actually will fry
you man! You have to take this . . . twenty now[,] you have no choice." 
Appellant replied, "I really don't want to plead guilty, I want to fight my
case but it looks like I don't have a choice, do I?" Counsel stated, "No,
not really[.] Remember[,] you chose the judge to sentence you if you
were to be found guilty, think about that." Appellant then remarked,
"Well I guess I have no choice so let's go ahead and do it." 

 Appellant's testimony during the hearing on the motion for new
trial was similar to that given in his affidavit. During the hearing, he
testified he felt pressured into making his plea. He admitted signing the
plea papers, but stated that he "really didn't read over them." They
were kind of explained to him roughly and then he signed them. When
he entered his plea he was scared; he "didn't want to get . . . hung." 
Appellant admitted that he lied to the court when he entered his plea
because he was scared of returning to the penitentiary. Appellant was
uncertain who was going to testify against him if he proceeded to trial. 


 Appellant's trial counsel testified at the hearing. He testified he
discussed a possible plea agreement with appellant and that he was
ready to go to trial. According to trial counsel, he did not tell appellant
the judge would be mad if he did not accept the plea. Counsel stated
that the jury panel had been inadvertently let go in the morning, so the
judge told them to be there the following morning. They discussed
making a deal to reduce the offense from aggravated robbery to
robbery. Appellant told him he would take a twenty year sentence. 
Upon departing, counsel told appellant to let him know, and appellant
responded that he wanted to talk to his family. Counsel did not receive
any messages on his answering machine from appellant. 

 The next morning at court, appellant's grandmother and another
gentleman told counsel that appellant had changed his mind, that he
did not know what he was doing, and that he should go ahead and take
the twenty years and the robbery. Counsel said he would talk to
appellant. It was uncomfortable in the courtroom because of the
confusion as to who was going to go to trial. Counsel spoke with
appellant, who told him that he had decided he was not going to plead
guilty. Counsel said, "look, we're still going to have to go to the court
for punishment. I don't know what the court's going to do. You saw
what happened yesterday as far as what happened to the jury. I said,
I don't know. I said, what chances we may have had are gone. I don't
know. I really don't know." According to counsel, he did not say "that
the judge was going to jump all over him and do this or that." Instead,
he just said that he did not know; there was no way he could have
known. Nonetheless, counsel indicated he was ready to go to trial. 
Then counsel told him that his grandmother and friend said he should
take the deal. Appellant thought about it a while and told counsel,
"okay, I'll take it. I guess I've got no choice." Counsel said, "well, you
do have a choice. We can go in there and try it." Counsel also testified
he explained the plea papers to appellant and that there was a jury
panel ready to go to trial on the date of the plea hearing. 

 It is well settled that the granting or denying of a motion for new
trial is within the discretion of the trial court. Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995). We may not substitute our
judgment for that of the trial court, but must decide whether the trial
court's decision was arbitrary or unreasonable. Id. The trial judge is the
trier of fact and the sole judge of the credibility of the witnesses. Id.;
Melton v. State, 987 S.W.2d 72, 75 (Tex. App.--Dallas 1998, no pet.). 
Where there is conflicting evidence, the court does not abuse its
discretion in denying the motion. Lewis, 911 S.W.2d at 7; Blackmon v.
State, 926 S.W.2d 399, 403 (Tex. App.--Waco 1996, pet. ref'd).

 Here, the trial court was entitled to reject appellant's testimony
that he was coerced into pleading guilty by trial counsel and that his
plea was involuntary, and accept the testimony of trial counsel that he
told appellant he did not have to plead guilty and that he could proceed
to trial. The trial court did not abuse its discretion in denying
appellant's motion for new trial. Appellant's sole issue is overruled.





 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 19th day of October, 2000. 

1. Tex. Pen. Code Ann. § 29.02 (Vernon1994). 
2. Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). 
3. We have recently held that a general notice of appeal from a plea-bargained judgment is sufficient to invoke appellate jurisdiction to
consider the issue of voluntariness of a plea. Marshall v. State, no. 13-99-00153-CR, 2000 WL 1137286 *3 (Tex. App.­Corpus Christi 2000, no
pet. h.). Accordingly, we proceed to the merits of the appeal.