NO. 07-00-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 2, 2001

_____

JOHN F. FOUNTAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-423628; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to an open plea, appellant John F. Fountain was convicted of possession of a controlled substance, enhanced, and punishment was assessed at 18 years confinement. By a sole point of error, appellant contends the trial court erred in denying his request for a new trial based on ineffective assistance of counsel for not relaying an offer made by the prosecutor. Based upon the rationale expressed herein, we affirm.

On January 16, 1996, appellant ran a stop sign and was pulled over by Officer Scott Weems. After Weems advised appellant that he was stopped for a traffic violation, a check for warrants was conducted. The search revealed an outstanding arrest warrant and appellant was placed under arrest. Appellant signed a vehicle release form and was driven to jail by Weems. Appellant's gloves had been placed on the front seat of the patrol car and as Weems exited the car, he picked up the gloves and felt something in one of the fingers. Weems turned the glove upside down and a "couple of rocks fell out that appeared to be crack cocaine." Weems advised the intake officer that contraband had been discovered and recommended that appellant be searched. After a pat down and a strip search, a large amount of crack cocaine was discovered underneath appellant's testicles.

Pursuant to an open plea, the State presented evidence in addition to the stipulated evidence and appellant's judicial confession. After punishment evidence was also presented, including prior offenses, the trial court sentenced appellant to 18 years confinement on October 20, 2000. On November 9, 2000, appellant filed a motion for new trial alleging that his trial counsel was ineffective for failing to convey a plea bargain offer of five years. A hearing on the motion was set for December 1, 2000, but did not take place until January 12, 2001. At the hearing appellant testified that he would have accepted the alleged five-year offer. By his affidavit filed on the date of the hearing, trial counsel averred that he was aware of the original offer made by the assistant district attorney, but due to a lapse in time was unable to conclusively establish that he conveyed

2

the offer to appellant in "such a manner as to allow him to make a knowing and intelligent assessment of the offer." Appellant's motion for new trial was denied.

Appellant contends the trial court erred in denying his motion for new trial because trial counsel was ineffective for not relaying an offer made to him by the prosecutor. We disagree. Pursuant to Rule 21.8(a) of the Texas Rules of Appellate Procedure, the trial court must rule on a motion for new trial within 75 days after sentence is imposed. Otherwise, the motion is overruled by operation of law and the trial court loses its jurisdiction to rule on the motion. Tex. R. App. P. 28.1(c); Parmer v. State, 38 S.W.3d 661, 666 (Tex.App.–Austin 2000, pet. ref'd), citing State v. Garza, 931 S.W.2d 560, 562 (Tex.Cr.App. 1996). A hearing conducted after the motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal. Laidley v. State, 966 S.W.2d 105, 108 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd). Further, the burden is on the defendant to ensure that a hearing is conducted timely, and failure to object to an untimely hearing waives error. Tex. R. App. P. 33.1(a); Baker v. State, 956 S.W.2d 19, 24-25 (Tex.Cr.App. 1997).

Appellant was sentenced on October 20, 2000. The 75-day period within which to rule on a motion for new trial expired on January 3, 2001. Thus, appellant's motion for new trial was overruled by operation of law. Tex. R. App. P. 21.8(a). Although a hearing was set for December 1, 2000, no hearing was conducted until January 12, 2001. Nothing in the record indicates that appellant objected to the untimely date of the hearing. Thus, any

3

evidence presented at the hearing on January 12, 2001, cannot be considered on appeal because the trial court was without jurisdiction to hold the hearing.  Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.