Opinion issued February 17, 2005





 

 

     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00113-CR




 MATTHEW THOMAS MECHELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1208449




MEMORANDUM OPINION



          Appellant, Matthew Thomas Mechell, was charged by information with theft
of property less than $500, enhanced by a prior misdemeanor offense of driving while
under a suspended license. Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2004-2005). He pleaded not guilty to the primary offense, but pleaded “true” to the
enhancement. A jury found appellant guilty as charged, found the enhancement
paragraph true, and assessed punishment at a fine of $250. 
          In nine issues, appellant contends that (1) the trial court abused its discretion
in refusing to allow appellant to make a record of his objection to the amended
information during the motion for new trial; (2) the trial court abused its discretion
when it denied his alternative motion for new trial; (3) the State’s silence at the
hearing on the motion for new trial should be considered an admission that
appellant’s objection to the amendment was raised pretrial; (4) the trial court
reversibly erred in allowing the State, over appellant’s objection, to amend the
allegation in the enhancement paragraph of the information on the date of trial, but
before commencement of the trial on the merits; (5) the trial court abused its
discretion in denying appellant’s motion in arrest of judgment; (6) the trial court erred
in allowing the pretrial hearing to proceed without the presence of a court reporter;
(7) this Court should reconsider and overrule its decision in Polasek v. State, 16
S.W.3d 82 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (en banc op. on motion
for reh’g); (8) allowing Polasek to stand results in appellant having been denied
effective assistance of counsel; and (9) the evidence is factually insufficient to
support his conviction.
          We affirm.
BACKGROUND
          Santiago Martinez and his brother operated an auto-racing-accessories shop in
Harris County. Appellant had been a friend of the Martinez family for several years
and spent quite a bit of time at the shop helping out by painting cars. 
          On Monday, June 16, 2003, after the shop had been closed over the weekend,
Martinez noted several items were missing from the shop, including a paint spray gun
and a compressor, valued at approximately $500. He found the back door to the shop
unlocked. 
          Through a check of pawnshop databases, police officers discovered that
appellant had pawned a paint spray gun and compressor at a pawnshop located near
Martinez’s shop. The officers and Martinez went to the pawnshop, and Martinez
described the stolen items in detail. The pawnshop clerk confirmed that Martinez’s
description matched the spray gun and compressor pawned on June 16 and identified
appellant as having pawned the equipment. Appellant had pawned many items in the
past at the same pawnshop, and the clerk knew him by name. 
          The theft cause against appellant originally was filed without an enhancement
paragraph. The State refiled the case due to a pleading defect, but again without the
enhancement. On December 10, 2003, the State filed the case a third time to include
the enhancement paragraph. 
          On December 16, 2003, the date the jury was selected and testimony began, the
State amended the enhancement allegation in the information to correct the date of
the conviction from August 20, 2002 to May 20, 2002. The amendment took place
during a pretrial hearing at the bench. Neither party requested that a court reporter
record the hearing. Appellant complains on appeal that he objected to the amendment
during that hearing.
Failure to Record the Pretrial Hearing
          In his sixth issue, appellant contends that the trial court erred in allowing the
pretrial hearing to proceed without a court reporter present. 
          This Court has already denied appellant relief on this point. Mechell v. State,
No. 01-04-00113-CR (Tex. App.—Houston [1st Dist.] Aug. 5, 2004, order) (not
designated for publication) (denying motion to abate appeal to reconstruct unrecorded
hearing). We found the law well-settled that requesting the presence of a court
reporter was appellant’s responsibility and that appellant had failed to ensure that the
hearing was recorded by a court reporter. See Valle v. State, 109 S.W.3d 500, 508
(Tex. Crim. App. 2003); Washington v. State, 127 S.W.3d 111, 113-15 (Tex.
App.—Houston [1st Dist.] 2003, no pet.); see also Polasek, 16 S.W.3d at 89. 
Appellant acknowledged in his motion that he did not request the presence of the
court reporter for the hearing at the bench, nor did he show any objection in the
record to the absence of the court reporter. It was incumbent upon appellant to object
if bench conferences were not held within the hearing of the court reporter or were
not recorded. See Walthall v. State, 594 S.W.2d 74, 81 (Tex. Crim. App. 1980). 
Hence, the motion was denied.
          Moreover, under “law of the case” doctrine, we are bound by our former
finding on this same issue in this case. See Carroll v. State, 101 S.W.3d 454, 460
n.35 (Tex. Crim. App. 2003); Ware v. State, 736 S.W.2d 700, 701 (Tex. Crim. App.
1987) (deferring to “law of the case” where an issue has previously been resolved). 
          Appellant’s sixth issue is overruled.
Overruling Polasek
          In his seventh issue, appellant asks this Court to overrule its decision in
Polasek v. State because Rule of Appellate Procedure 13.1 was erroneously held void.
          Rule 13.1 states, in pertinent part, that
          The official court reporter or court recorder must:
          (a)     unless excused by agreement of the parties, attend court sessions and
make a full record of the proceedings;

Tex. R. App. P. 13.1(a). Appellant argues that Rule 13.1(a) excused him from
requesting the presence of a court reporter at the pretrial hearing and from objecting
to the absence of a reporter. Appellant asserts that the trial court committed
reversible error in allowing the hearing to proceed without a court reporter. 
          In Polasek, the appellant contended that, pursuant to Rule 13.1(a), the trial
court fundamentally erred when it failed to require the presence of a court reporter to
record voir dire proceedings, even though appellant did not request a court reporter
and failed to object when the proceedings took place without a court reporter. 
Polasek, 16 S.W.3d at 88. This Court held that the proper rule to be applied in such
a case is stated in section 52.046(a) of the Government Code, which provides that
          (a)     On request, an official court reporter shall:
                    (1)     attend all sessions of the court;
                    (2)     take full shorthand notes of oral testimony offered before
the court, including objections made to the admissibility of
evidence, court rulings and remarks on the objections, and
exceptions to the rulings;
Tex. Gov’t Code Ann. § 52.046(a) (Vernon 1998); Polasek, 16 S.W.3d at 89. We
construed the statute to demand that “an appellant who claims error based on a failure
to record court proceedings must preserve error by establishing, at a minimum, that
a record was requested.” Polasek, 16 S.W.3d at 88-89. 
          This Court found that Rule 13.1 “impermissibly enlarge[d] the substantive
rights granted by section 52.046(a) by ‘chang[ing] the right to have a court reporter
from a right that must be requested to a right that must be expressly waived.’” 
Washington, 127 S.W.3d at 114 (quoting Polasek, 16 S.W.3d at 88-89). Hence, Rule
13.1(a) conflicts with and must yield to section 52.046(a) of the Government Code. 
Id. (construing Polasek, 16 S.W.3d at 88-89). 
 
          In Valle v. State, the appellant also failed to object to the court reporter’s failure
to record bench conferences. Valle, 109 S.W.3d at 509. The Court of Criminal
Appeals held that, while the granting of a pretrial motion to record bench conferences
relieves a party of the burden of asking to have each bench conference recorded as
it occurs, it does not preserve error when a conference is not recorded; rather, a party
is still required to object to preserve error. Id. at 508. Moreover, the court
specifically disapproved of the holding in Tanguma v. State, 47 S.W.3d 663, 674
(Tex. App.—Corpus Christi 2001, pet. ref’d), that Rule 13.1 dispenses with the
requirement of an objection to preserve error. Id. at 508-09.
          Given the court’s holding in Valle, we decline to overrule Polasek. Appellant’s
seventh issue is overruled.
Amendment of the Information
          In his fourth issue, appellant contends that the trial court committed reversible
error in allowing the State to amend the information on the day of trial, but before
commencement of the trial on the merits, over appellant’s objection.
          Amendment
          The record shows that the State amended the date in the enhancement
allegation in the information on the first day of trial but before trial on the merits
began. The State argues that the amendment was proper, pursuant to article 28.10 of
the Code of Criminal Procedure.


 
          Appellant contends that he objected to the amendment at the unrecorded
pretrial hearing. However, as discussed above, we have no such objection in the
record to consider. In order to raise the error on appeal, the error must have been
raised at the trial court, or it is waived. Tex. R. App. P. 33.1(a); Sodipo v. State, 815
S.W.2d 551, 556 n.4 (Tex. Crim. App. 1991). 
          We overrule appellant’s fourth issue.
Ineffective Assistance of Counsel
          In his eighth issue, appellant argues that, “if Rule 13.1(a) is void per Polasek,
appellant would be deprived of the reasonably effective assistance of counsel at such
pretrial hearing in violation of Article I, section 10, of the Texas Constitution, and
Article 1.05 of the Texas Code of Criminal Procedure, because of his attorney’s
failure to request the attendance of the court reporter.” Appellant appears to argue
that counsel was ineffective solely because he failed to request a court reporter to
record the pretrial proceedings. 
          In considering whether counsel’s assistance was so defective that a reversal of
the conviction is warranted, we determine (1) whether counsel’s performance was
deficient and (2) whether, but for counsel’s deficient performance, the result of the
proceeding would have been different. Hernandez v. State, 988 S.W.2d 770, 770 n.3
(Tex. 1999) (discussing the standard articulated in Strickland v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 2064 (1984)). We examine “the totality of the
representation, rather than isolated acts or omissions of trial counsel.” Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986) (cautioning appellate courts to
be “especially hesitant [about] declar[ing] counsel ineffective based upon a single
alleged miscalculation during . . . otherwise satisfactory representation”). 
          Appellant must show ineffective assistance by a preponderance of the evidence. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In addition, appellant
must overcome the “strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance” or might reasonably be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
          As to the first prong of the Strickland standard, appellant must show errors
“firmly founded in the record” to support his claim of deficient performance. 
Thompson, 9 S.W.3d at 813. Here, as to the single alleged miscalculation, the record
is silent as to why appellant’s counsel failed to request the presence of the court
reporter at the bench conference and failed to object to the lack of recording. The
record is devoid of any indication whether his actions were a matter of negligent
conduct or a matter of strategic design. To find trial counsel ineffective under these
circumstances would require us to speculate which we decline to do. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Safari v. State, 961 S.W.2d 437,
445 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d, untimely filed). 
          We conclude that appellant has not shown that his trial counsel was ineffective
and therefore hold that appellant has neither satisfied the first prong of the Strickland
standard nor overcome the strong presumption that his trial counsel’s performance
fell within the wide range of reasonably professional assistance. See Strickland, 466
U.S. at 689, 104 S. Ct. at 2065. 
          Appellant’s eighth issue is overruled.
Denial of Motion for New Trial
          In his second issue, appellant contends that the trial court erred in denying his
motion for new trial.
          We review a denial of a motion for new trial for an abuse of discretion. Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); Laidley v. State, 966 S.W.2d 105,
107 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). We do not substitute our
judgment for that of the trial court, but determine whether the trial court’s decision
was arbitrary or unreasonable. Lewis, 911 S.W.2d at 7. We afford almost total
deference to the trial court’s determination of historical facts that the record supports,
and of mixed questions of law and fact if the resolution turns on an evaluation of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); Laidley, 966 S.W.2d at 107. 
          Here, the trial court found that there were no grounds to grant a motion for new
trial because there was no evidence in the record that the trial court allowed the
amendment of the information over appellant’s objection. We have no record
indicating that appellant objected to the amendment. Hence, the trial court’s finding
was proper. 
          Appellant asserts that, had he been allowed to present evidence that an
objection was made at the hearing on the motion for new trial, he would have been
entitled to a new trial under Sodipo (citing discussion at 555-56). However, Sodipo
is not instructive because, in that case, the record showed that the defendant objected
to the amendment. Sodipo, 815 S.W.2d at 555. 
          Moreover, the Court of Criminal appeals has held since Sodipo that a defendant
must show harm in order to have a new trial. Wright v. State, 28 S.W.3d 526, 531-32
(Tex. Crim. App. 2000). Here, as discussed above, appellant cannot meet this burden
as to an amendment to a date in an enhancement paragraph. 
          We conclude that the trial court’s decision was not arbitrary or unreasonable. 
Lewis, 911 S.W.2d at 7. Accordingly, we hold that the trial court did not abuse its
discretion. 
          Appellant’s second issue is overruled.
Refusal to Hear Objection
          In his first issue, appellant contends that the trial court abused its discretion
when it failed or refused to allow defense counsel to make a record of his objection
to the State’s proposed amendment to the information.
          The record reflects that it was during the hearing on the motion for new trial,
after the trial court explained to appellant that he failed to make a timely objection to
the amendment of the information, that appellant attempted to then enter his
objection. The trial court refused to consider appellant’s objection at that point
because it was untimely. Tex. R. App. P. 33.1; State v. Murk, 815 S.W.2d 556, 558
(Tex. Crim. App. 1991) (clarifying that even charging instrument that does not
become objectionable until day of trial must be objected to at trial). 
          Appellant’s first issue is overruled.
State’s Silence
          In his third issue, appellant contends that, while there is no record of the
pretrial hearing, this Court should consider the State’s silence during the hearing on
the motion for new trial “an admission by silence that such an objection was made at
the pretrial hearing.” Appellant solely cites civil cases in support of his proposition. 
We are not bound by these decisions in this criminal case and find no support for
appellant’s proposition within the purview of criminal law. There is no affirmative
duty upon the State to respond to reasons offered by a defendant in a motion for new
trial. Tex. R. App. P. 21.5.
          Appellant’s third issue is overruled.
Motion in Arrest of Judgment 
          In his fifth issue, appellant contends that the trial court abused its discretion in
denying appellant’s motion in arrest of judgment based on the error in the fourth
issue—allowing the State to amend the information on the day of trial, but before the
trial commenced, over defendant’s objection.
          As discussed above, having found no record of any objection to the
amendment, we overrule appellant’s fifth issue.
Sufficiency of the Evidence
          In his ninth issue, appellant contends the evidence was factually insufficient
to support his conviction for theft. 
A.      Standard of Review
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid
substituting our judgment for its judgment. Zuniga, 144 S.W.3d at 481-82. Our
evaluation may not intrude upon the fact-finder’s role as the sole judge of the weight
and credibility accorded any witness’s testimony. Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). The fact-finder alone determines what weight to give
contradictory testimonial evidence because that question depends on how the fact-finder evaluates credibility and demeanor. Id. at 408-09. As the determinor of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. In conducting a factual-sufficiency review, we must
discuss the evidence that, according to appellant, most undermines the jury’s verdict. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          The standards of review for factual sufficiency challenges are the same for
direct and circumstantial evidence cases. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). 
B.      Theft
          A person commits misdemeanor theft of property under $500 if that person
unlawfully appropriates property with intent to deprive the owner of the property.
Tex. Pen. Code Ann. § 31.03(a), (e) (Vernon Supp. 2004-2005). Appropriation of
property is unlawful if, inter alia, it is without the owner’s consent, or the property
is stolen and the actor appropriates the property knowing it was stolen by another. 
Id. § 31.03(b).
          A person acts intentionally, with respect to the nature or result of his conduct,
when it is his conscious objective or desire to engage in the conduct or cause the
result. Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). Intent can be inferred from
the acts, words, and conduct of the accused. Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995). 
C.      Analysis
          The testimony shows that appellant had been self-employed in paint and body
work in a garage at his home but no longer had a spray gun or compressor. Appellant
was helping the Martinez brothers out by doing paint and body work for them at their
shop but had not received payment for the work that he had done. Appellant used the
spray gun and compressor in question during the weeks preceding the theft to paint
two cars for Martinez—one yellow and another purple. The spray gun and
compressor were recovered at the pawnshop marked with yellow and purple
overspray. The Appellant did not have consent from Martinez to remove the
equipment from the shop. Further, the testimony showed that, even upon learning of
the theft, appellant never divulged that he had pawned the equipment.
          Conversely, appellant contends his testimony so heavily outweighed the State’s
evidence as to warrant a reversal of his conviction. At trial, appellant testified that
he was in possession of the spray gun and compressor because he was asked to paint
a car during the weekend of the theft by a man named “Anthony” who came to
appellant’s house. Appellant testified that Anthony asked appellant to paint his car
in exchange for cash and a spray gun and compressor Anthony had lying in the back
seat of the car. Appellant used the spray gun and compressor to paint Anthony’s car,
then sold them at the pawnshop on June 16. Appellant testified that he frequently
painted cars for individuals in exchange for property and would sell the items at local
pawnshops. Appellant testified that he did not recognize the spray gun or compressor
as the same ones he had used at Martinez’s shop. Appellant argues that, logically,
had he in fact known the equipment had been stolen from Martinez, he would not
have pawned the items at the pawnshop where he normally does business, down the
street from Martinez’s shop. 
          However, the jury, as the sole trier of fact, was free to believe the State’s
evidence and disregard appellant’s testimony. Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000). The evidence shows that appellant unlawfully
appropriated Martinez’s property without consent and with the intent to permanently
deprive Martinez of the property. Appellant admitted that he exercised control over
the property and sold the equipment at a pawnshop. Pawning equipment indicates an
intent to permanently deprive the owner of property. See Kuczaj v. State, 848 S.W.2d
284, 289 (Tex. App.—Fort Worth 1993, no pet.). Appellant offered his mother’s
testimony as evidence of the existence of an agreement with a person named
Anthony. However, appellant’s mother was unable to recall any of the circumstances
involving the spray gun or compressor.
          Considering the evidence neutrally, we hold that the jury’s verdict in this case
is not irrational, or clearly wrong and manifestly unjust, or the contrary evidence is
so strong that the standard of proof beyond a reasonable doubt could not have been
met. See Escamilla, 143 S.W.3d at 817.
          We overrule appellant’s ninth point of error.
 
 
 
 
CONCLUSION
We affirm the judgment of the trial court.
 

                                                   Laura Carter Higley
                                                   Justice
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).