Opinion issued May 20, 2010.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00006-CR

NO. 01-09-00007-CR

———————————

Altruce Dewayne Stuard, Appellant

V.

the State of
texas, Appellee



 



 

On Appeal from the 339th District Court

Harris County, Texas



Trial Court Case Nos. 1037611 & 1037613

 



 

MEMORANDUM  OPINION

          Appellant,
Altruce Dewayne Stuard, pleaded guilty without an agreed punishment
recommendation to two indictments, the first alleging tampering with a
governmental record (trial court case no. 1037611), a second-degree felony, and
the second alleging theft of property valued at $20,000 or more and less than $100,000
(trial court case no. 1037613), a third-degree felony.  See Tex. Penal Code Ann. §§ 37.10(a)(1), (d)(3), 31.03(a), (e)(5) (Vernon Supp.
2009).  After the punishment hearing, the
trial court found appellant guilty and assessed his punishment at five years in
prison in each case, to run concurrently.  
Appellant timely filed a motion for new trial.  We determine whether appellant carried his
burden of showing that his retained appellate counsel was ineffective for
having failed to obtain a hearing on that motion before it was overruled by
operation of law.  We affirm.

INEFFECTIVE ASSISTANCE OF COUNSEL

          In
one issue, appellant contends that the counsel whom he retained for appeal, Carmen
Roe, was ineffective when she “failed to obtain a hearing on his motion for new
trial before the trial court lost jurisdiction” of the case.  

A.      The Law

          Criminal
defendants are entitled to reasonably effective assistance of counsel.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10.  The right to counsel, however, does not mean
the right to errorless counsel.  Robertson v. State, 187 S.W.3d 475, 483
(Tex. Crim. App. 2006).  To prove
ineffective assistance of counsel, appellant must show that (1) counsel’s
performance fell below an objective standard of reasonableness and (2) but for
counsel’s unprofessional error or omission, there is a reasonable probability
that the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 101-02
(Tex. Crim. App. 2005).  A failure to
make a showing under either prong defeats an ineffective-assistance challenge.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).  

          Under
the first Strickland prong, the appellant
must overcome the strong presumption that counsel’s complained-of conduct fell
within the wide range of reasonable professional assistance.  See Ex
parte Chandler, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); Rylander, 101 S.W.3d at 110.  This review is highly deferential.  Chandler,
182 S.W.3d at 354.  For this reason, a Strickland challenge must be firmly
founded in a record that affirmatively demonstrates the meritorious nature of
the challenge.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  When counsel’s reasons for failing to do what
the defendant contends should have been done do not appear in the record—as, for example, when counsel has not been
afforded an opportunity to explain her actions—we should not find deficient performance unless the challenged conduct
was “’so outrageous that no competent attorney would have engaged in it.’”  Id.
(quoting Rylander, 101 S.W.3d at
111). That is, we normally will not speculate to find trial counsel ineffective
when the record is silent on her reasoning or strategy.  See
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

          “Under
normal circumstances, the record on direct appeal will not be sufficient to
demonstrate that counsel’s representation was so deficient and so lacking in
tactical or strategic decisionmaking as to overcome the presumption that
counsel’s conduct was reasonable and professional.”  Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).   But when the record on direct appeal is
sufficient to prove that counsel’s performance was deficient, an appellate
court “should obviously address the claim . . . .”  Robinson
v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).

B.      Discussion

          Appellant
pleaded guilty to both indictments on July 25, 2008.  At the time, appellant was represented by
retained counsel, Craig Washington.  No
record was made of the plea hearing, but the docket sheet and the reporter’s
record from the later punishment hearing both indicate that the trial court
accepted appellant’s pleas, ordered a presentence-investigation (“PSI”) report,
and continued the case until a later date for sentencing.  The same day that appellant pleaded guilty,
he moved for community supervision in both cases.  

          The
punishment hearing occurred on December 16, 2008 (“the PSI hearing”).  Timberly Davis, Washington’s associate,
appeared for appellant at the PSI hearing, announcing, “[W]ith the permission
of the Defendant, Timberly Davis is standing in for Mr. Craig Washington.”  Davis presented appellant and his father as
witnesses.  She requested
deferred-adjudication community supervision, or alternatively community
supervision, in both cases.  The State
argued at closing, “And so I would ask the Court to assess the punishment that
I’ve offered the Defendant the entire time, [which] is ten years” in
prison.  The trial court at first
announced that it found appellant guilty and assessed his punishment at five
years in prison on each charge, to run concurrently.  However, upon appellant’s request to “have a
little time before I turn myself in” to “put my kids somewhere,” the trial court
rescinded that pronouncement, finding only sufficient evidence to substantiate
guilt and resetting sentencing until December 30, 2008.

          There
is no reporter’s record from the December 30 sentencing hearing, but appellant
represents, and the docket sheets confirm, that Washington appeared for
appellant.  The court found appellant
guilty and assessed his punishment at five years in prison on each charge, to
run concurrently.  Appellant filed his
notices of appeal the same day (December 30), signed by new counsel, Carmen Roe,
whom appellant had retained for appeal.

          On
January 29, 2009—the
thirtieth day after sentencing in open court—Roe timely filed a motion
for new trial on appellant’s behalf.  See Tex. R. App.
P. 21.4(a) (requiring that motion for new trial be filed within 30 days
of date when trial court imposes or suspends sentence in open court).  That motion alleged that (1) some
of the materials considered by the court at the PSI hearing were lost or
destroyed without appellant’s fault;[1] (2) appellant was denied
effective assistance of trial counsel because Washington did not attend the PSI
hearing and Davis, who was unfamiliar with the case, did not call available
witnesses; and (3) Washington’s erroneous advice and promises concerning
pleading guilty resulted in those pleas’ being involuntary.  Attached to the motion was appellant’s
affidavit, in which he averred various supporting facts that were not
determinable from the record.[2]  Roe recited in the motion that appellant was
entitled to a hearing.  See Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993) (“We . . . hold that when an accused presents a motion
for new trial raising matters not determinable from the record, upon which the
accused could be entitled to relief, the trial judge abuses his discretion in
failing to hold a hearing . . . .”); see
also Rouse v. State, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009) (holding
that post-judgment motions “are not self-proving and any allegations made in
support of them by way of affidavit or otherwise must be offered into evidence
at a hearing.”).

          Roe
timely presented appellant’s motion for new trial, as evidenced by the trial
court’s February 3, 2009 order acknowledging same.  See Tex. R. App. P. 21.6
(requiring that defendant present motion for new trial within 10 days of its
filing).  The record indicates that a
hearing on an unspecified motion was scheduled for February 25, 2009,[3]
but nothing shows that the hearing was ever held.  Neither does anything show that Roe obtained,
or that the trial court conducted, a hearing on the motion for new trial before
the expiration of 75 days, which was March 15, 2009, a Sunday.  Because the trial court did not rule on the
motion for new trial by written order, the motion was overruled by operation of
law on Monday, March 16, 2009.  See Tex.
R. App. P. 4.1(a), 21.8(a), (c).  

          On March 26, 2009, Roe moved to
withdraw as appellant’s counsel, citing “potential or realized violations of
Texas Rules of Disciplinary Procedure [sic] 1.15(a)(1) and (b).”[4]
  The motion recited that Roe had “noticed the
defendant . . . of her intention to withdraw as attorney of record,” but did
not specify when that had occurred.  The
hearing on that motion occurred on April 13, 2009.  At the hearing, Roe again erroneously represented
that the deadline for hearing the motion for new trial was April 15, 2009,[5]
and she further stated:

I’m now filing a Motion to Withdraw and—as of March 16, 2009 [sic, should
be March 26, 2009]—and I just wanted to get on the record that I have
admonished my client of the need to get substitute counsel for the impending
deadlines that are coming up, including the April 15, 2009 deadline, which is
just two days from now.  I have advised
him of the ethical concerns that I have and my reason for withdrawing  . . . .

 

In response, appellant advised the court that he had
insufficient funds to hire another attorney “in the next two days.”  

          The
trial court granted the motion to withdraw and, after a brief recess, appointed
Deborah Summers as appellant’s counsel. 
Summers then stated that, because she had been appointed only an hour
and a half before and because “Mr. Stuard’s 75th day runs tomorrow,” she wanted
to “get familiar with the case” by having the court recess the hearing for 30
days.  The trial court granted the request.

          On
May 15, 2009, when the case was again called, Summers advised the court that it
had lost jurisdiction to rule on the motion for new trial.  The trial court sustained the State’s
objection to Summers’s proffer of correspondence between appellant and Roe.  That proffer does not appear in our record.

          A
trial court must rule on a motion for new trial within 75 days of its filing,
or the motion is overruled by operation of law. 
Tex. R.
App. P. 21.8(a), (c).  The 75-day period has been held to be jurisdictional
with regard to action on the motion for new trial.  See,
e.g., State v. Garza, 931 S.W.2d
560, 562 (Tex. Crim. App. 1996); Laidley
v. State, 966 S.W.2d 105, 107 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d); see also State v. Moore, 225
S.W.3d 556, 569 (Tex. Crim. App. 2007) (“Of course, . . . the authority (if not
the jurisdiction) of the trial court to act on a motion for new trial cannot
extend beyond seventy-five days after the imposition or suspension of sentence
in open court.”).  Accordingly, a hearing
on a motion for new trial that occurs after the 75-day window is a nullity, and
a record from it may not be considered on appeal, including as support for an
appellate challenge to counsel’s ineffectiveness.  See
Laidley, 966 S.W.2d at 108 (holding same in context of
ineffective-assistance-of-counsel challenge). 


          But
the trial court never purported to rule on the motion for new trial after the
75-day period had expired.  Rather, what
the trial court heard after that time was Roe’s motion to withdraw as appellate
counsel.  The rules depriving the trial court of
jurisdiction to grant new trial after 75 days apply to motions for new trial,
not to other motions such as for the appointment or release of counsel.

          The
State nonetheless argues that we may not consider Roe’s statements from the
April 13 hearing on her motion to withdraw because (1) appellant’s notice of
appeal was “prematurely filed” on the same day as sentence was pronounced, on
December 30, 2008; (2) that premature notice of appeal was “not effective until
March 15, 2009 [sic],” when the motion for new trial was overruled by operation
of law; and (implicitly) (3) the notice of appeal deprived the trial court of
jurisdiction to consider anything else because “the filing of a notice of
appeal vests jurisdiction with the reviewing court.”

          Appellant’s
notice of appeal was filed on the same date as sentence was imposed in open
court.  See Tex. R. App. P. 26.2(a)(1)
(providing that notice of appeal in criminal case is due within 30 days of
imposition of sentence in open court).  The
State is correct that its filing did not deprive the trial court of
jurisdiction to rule on the later-filed motion for new trial, as long as it did
so within 75 days of sentencing.  See McIntire v. State, 698 S.W.2d 652,
657 (Tex. Crim. App. 1985) (decided under statutory predecessor to new-trial
provisions of Rules of Appellate Procedure); Ex Parte Drewery, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984) (same),
overruled on other grounds, Awadelkariem v. State, 974 S.W.2d 721
(Tex. Crim. App. 1998).  But the State is
incorrect that the mere filing of the notice of appeal deprived the trial court
of all jurisdiction after the new-trial motion was overruled.  This is because, in criminal cases, the mere
filing of the notice of appeal is not what divests the trial court of
jurisdiction: rather, it is the filing of the appellate record that does so.  Tex.
R. App. P. 25.2(g) (“Once the record has been filed in the appellate
court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court
receives the appellate-court mandate.”); Moore,
225 S.W.3d at 568 (“Under current law, the subject-matter jurisdiction of the
trial court over the case and the defendant extends, should the defendant
timely file a sufficient notice of appeal, to the point in time at which the
record is filed in the appellate court.”). 


          In
these appeals, although the reporter’s record was filed well before the 75-day new-trial
deadline had expired (February 2, 2009), the clerk’s record was not filed until
after the motion to withdraw was heard (April 27, 2009).  What matters for divestment of the trial
court’s plenary jurisdiction is the filing of the principal portions of the
record following a notice of appeal—here, both the clerk’s and reporter’s records.  See Tex. R. App. P. 25.2(g); Taylor v. State, 163 S.W.3d 277, 281
(Tex. App.—Austin 2005, pet. dism’d) (“Normally then, both the clerk’s and
court reporter’s record must be filed in the appellate court before Rule
25.2(g) is applicable.”); 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 43.309 (2nd ed. Supp. 2008-2009)
(“Most reasonably, both the reporter’s record and the clerk’s record should
have to be filed . . . [b]ut if both parts are filed, defects in these records
should not somehow restore the trial court’s power to act.”).  Moreover, to the extent that the court found
appellant indigent and appointed counsel for the first time, the Code of
Criminal Procedure empowered it to do so “[w]henever” it determined that
appellant was indigent or that the interests of justice required it.  Tex.
Code Crim. Proc. Ann. § 26.04(c)
(Vernon Supp. 2009).  In sum, we may
consider any relevant statement by Roe from the April 13, 2009 hearing in our
consideration of appellant’s ineffective-assistance challenge. 

          Roe’s
statements at the April 13 hearing evidenced her mistaken belief that the
court’s jurisdiction to entertain the motion for new trial extended a month longer
than it did.  But her statements do not
demonstrate why she did not pursue a hearing before March 16.  For example, assuming that the hearing that
was set for February 25 (within the 75-day period) was for appellant’s
new-trial motion, nothing in the record shows why it did not happen.  More importantly, Roe’s motion to withdraw cited
bases that could have included ethical conflicts or violations of law, and she
stated at the April 13 hearing that she had “advised [appellant] of the ethical
concerns . . . .”  We simply have no way
of knowing, from the appellate record that we may consider, what date counsel
advised appellant to obtain new counsel, what the bases for her requested
withdrawal were, or how, if at all, these matters affected her having failed to
pursue a new-trial hearing.  The record
is also silent as to whether reasons unrelated to Roe’s decision to withdraw
influenced her decision not to seek a hearing, in particular, whether the
motion for new trial had any merit.  In
this context, and based on this record, we cannot say that Roe’s omission was so
outrageous that no competent attorney would have engaged in it.  Goodspeed,
187 S.W.3d at 392.  

          We overrule
appellant’s sole issue.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          On February 25, 2009, upon
appellant’s motion, the trial court ordered the State to produce the missing
documents, and they now appear in the appellate record.

 





[2]
          Appellant averred that (1) Washington had
advised him that “we were not taking any risk [in entering open pleas] because
the judge was very reasonable and would give probation and the State would not
argue against probation”; (2) appellant would not have pleaded guilty without
these and other assurances made by Washington; (3) Davis stood in for
Washington at the PSI hearing without appellant’s consent; (4) appellant had
“hardly ever spoke[n]” with Davis because she was hostile to him and they did
not get along; (5) appellant “had prepared at least 20 witnesses for the [PSI]
hearing and they were on standby,” as Washington had instructed before the
hearing; (6) Davis did not want to call any witnesses, but appellant insisted
that at least he and his father testify; and (7) Davis refused to offer in
rebuttal an audiotape of a community outreach speech that appellant had given.

 





[3]
          Two motions were then pending:
the new-trial motion and a motion requesting a hearing on a motion to compel
production of certain documents from the PSI hearing.  The trial court had already denied the motion
to compel, but then appellant moved for a hearing on it, and the trial court
would later grant the requested relief by orders dated February 25, 2009.  The State represents that the hearing
scheduled for February 25 was on appellant’s motion for new trial, but
appellant does not confirm this.  The
docket sheets do not indicate what the motion was.

 





[4]
          Texas Disciplinary Rule of
Professional Conduct 1.15(a)(1) provides: “(a) A lawyer shall decline to
represent a client or, where representation has commenced, shall withdraw,
except as stated in paragraph (c), from the representation of a client, if: (1)
the representation will result in violation of Rule 3.08, other applicable
rules of professional conduct or other law . . . .”  Tex. Disciplinary R. Prof’l Conduct, 1.15(a)(1), reprinted in Tex. Gov’t Code
Ann., tit. 2, subtitle G app. A (Vernon 2005).  Rule 1.15(b) provides: “Except as required by
paragraph (a), a lawyer shall not withdraw from representing a client unless:
(1) withdrawal can be accomplished without material adverse effect on the
interests of the client; (2) the client persists in a course of action
involving the lawyer’s services that the lawyer reasonably believes may be
criminal or fraudulent; (3) the client has used the lawyer’s services to
perpetrate a crime or fraud; (4) a client insists upon pursuing an objective
that the lawyer considers repugnant or imprudent or with which the lawyer has
fundamental disagreement; (5) the client fails substantially to fulfill an
obligation to the lawyer regarding the lawyer’s services, including an
obligation to pay the lawyer’s fee as agreed, and has been given reasonable
warning that the lawyer will withdraw unless the obligation is fulfilled; (6)
the representation will result in an unreasonable financial burden on the
lawyer or has been rendered unreasonably difficult by the client; or           (7) other good cause for withdrawal
exists.”  Id. 1.15(b).

 





[5]
          Roe had made the same erroneous
assertion in a footnote to her motion for new trial.