

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00317-CR

**KAYELYNN M. HALL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24,520

## MEMORANDUM OPINION

Kayelynn M. Hall was convicted of the offense of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02 (West 2003). She was sentenced to 20 years in prison with a $10,000 fine. We affirm.

In her first issue, Hall contends that the trial court abused its discretion by admitting into evidence at the punishment phase a letter Hall had written because the State violated a Standing Discovery Order by not producing it to her before trial.

The Standing Discovery Order relied upon by Hall is not a part of the record on appeal. Assuming without deciding, however, that the State violated the Standing

Discovery Order, counsel did not ask for a recess or a continuance. Counsel's "failure to request postponement or seek a continuance waives any error urged in an appeal on the basis of surprise." *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982); *see also Oprean v. State*, 201 S.W.3d 724, 730 n.10 (Tex. Crim. App. 2006) (Cochran, J., concurring) ("Thus, the trial court may always exclude the undisclosed evidence, but if he does not, any error in causing 'surprise' to the defense is forfeited on appeal unless the defendant has also requested a postponement or recess."). Accordingly, error, if any, is waived, and Hall's first issue is overruled.

In her second issue, Hall argues that we should grant her a new punishment hearing because the letter referenced in issue one has been lost. *See* TEX. R. APP. P. 34.6(f). However, there is nothing in this record to show that the letter has been lost or destroyed, only counsel's statements in Hall's brief. *Id* (f)(2). Further, there is nothing in the record to show whether the letter cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate the letter with reasonable clarity. *Id*. (f)(4). Accordingly, Hall has not shown she is entitled to a new punishment hearing. Her second issue is overruled.

In her third issue, Hall contends her trial counsel rendered ineffective assistance because he failed to timely obtain a hearing on Hall's motion for new trial. However, a hearing was held, albeit past the 75 day deadline to rule on the motion. TEX. R. APP. P. 21.8. Hall contends that because the hearing was held past the deadline, the trial court was without jurisdiction to hold the hearing and we cannot consider the record of that hearing. *See Laidley v. State*, 966 S.W.2d 105, 107-08 (Tex. App.—Houston [1st Dist.]

1998, pet ref'd).  Whether or not we can consider the record of the hearing, the record before us is still undeveloped as to counsel's actions or alleged inactions and is not adequate to determine if his performance was deficient.  *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (A claim of ineffective assistance of counsel generally will not be addressed on direct appeal because the record on appeal usually is not sufficient to determine if counsel's performance was deficient.).

Accordingly, Hall has failed to show the first prong, deficient performance, of the *Strickland* test for ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Her third issue is overruled.

Having overruled each of Hall's issues on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
 Opinion delivered and filed February 2, 2011
Do not publish
[CR25]