Opinion issued April 21, 2022



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-20-00012-CR

## NO. 01-20-00014-CR

——————————

**ERNEST C. ADIMORA-NWEKE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case Nos. 2233594 & 2233595**

---

## MEMORANDUM OPINION

Appellant, Ernest C. Adimora-Nweke, appearing pro se, has filed an "(Amended) Response to 3/11/2022 TRAP Rule 38.8 Notice" in each of his

appeals,[1] stating that this Court "lack[s] jurisdiction over any of [a]ppellant's matter[s] and should dismiss the case[s] for lack of subject matter jurisdiction."[2] He also requests that this Court "issue an order dismissing [his] case[s] for lack of subject matter jurisdiction." The Court construes appellant's filing as a motion to dismiss his appeals. No opinion has issued. TEX. R. APP. P. 42.2(a). Further, although appellant failed to include a certificate of conference, more than ten days have passed, and the State has not expressed opposition to appellant's motion. *See* TEX. R. APP. P. 10.3(a).

Texas Rule of Appellate Procedure 42.2(a) generally governs the voluntary dismissal of a criminal appeal. It states:

> At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant and his or her attorney must sign the written motion to dismiss and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

TEX. R. APP. P. 42.2(a). Although appellant's pro se motion to dismiss does not comply with rule 42.2(a) because it is not signed by counsel,[3] we may suspend rule 42.2(a) pursuant to Texas Rule of Appellate Procedure 2 when, as here, there is

---

[1] Appellate cause no. 01-20-00012-CR, trial court cause no. 2233595; appellate cause no. 01-20-00014-CR, trial court cause no. 2233594.

[2] On March 11, 2022, the Clerk of this Court notified appellant that he had failed to timely file his appellant's brief in each of his appeals. *See* TEX. R. APP. P. 38.6(a).

[3] Appellant is appearing pro se in this appeal.

good cause to believe dismissal is warranted.[4] *See, e.g., Jones v. State*, No. 01-99-00985-CR, 2000 WL 298558, at *1 (Tex. App.—Houston [1st Dist.] Mar. 23, 2000) (mem. op., not designated for publication) (suspending operation of Texas Rule of Appellate Procedure 42.2(a) in accordance with rule 2 to dismiss pro se appellant's criminal appeal; although appellant's written motion to withdraw appeal did not comply with rule 42.2(a) "because it was not signed by both appellant and counsel," good cause existed to dismiss appeal); *see also Flores v. State*, No. 07-08-00256-CR, 2008 WL 4180296, at *1 & n.1 (Tex. App.—Amarillo Sept. 12, 2008, no pet.) (mem. op., not designated for publication) (where appellant filed pro se notice of appeal, dismissing appeal on appellant's motion even though appellant not represented by counsel); *Conners v. State*, 966 S.W.2d 106, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (suspending operation of Texas Rule of Appellate Procedure 42.2(a) where appellant expressed desire to dismiss appeal).

Accordingly, we grant the motion and dismiss the appeals. We dismiss any other pending motions as moot.

---

[4]     Texas Rule of Appellate Procedure 2 states:

> On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure . . . ."

TEX. R. APP. P. 2.

3

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish.  TEX. R. APP. P. 47.2(b).